**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1815-18T3

SONYA MCLAUGHLIN,

    Plaintiff-Appellant,

v.

FRANK NOLT and WHALE
BEACH BUILDERS, LLC,

    Defendants-Respondents.

_____

Argued telephonically March 30, 2020 –
Decided July 8, 2020

Before Judges Sumners, Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0410-16.

Deborah A. Plaia argued the cause for appellant.

Dorothy F. McCrosson argued the cause for respondent Frank Nolt (McCrosson & Stanton, PC, attorneys; Dorothy F. McCrosson, of counsel and on the brief).

Martin J. McAndrew argued the cause for respondent Whale Beach Builders, LLC (O'Connor Kimball LLP,

attorneys; Glen D Kimball and Martin J. McAndrew, on the brief).

PER CURIAM

Plaintiff Sonya McLaughlin appeals the motion court's November 17, 2017 order (the November 17 order) granting summary judgment dismissal of her complaint against defendants Whale Beach Builders, LLC (Whale Beach) and Frank Nolt, based upon a cross-motion for summary judgment filed by Whale Beach. She also appeals the court's May 25, 2018 order (the May 25 order) denying her motion: for reconsideration; for leave to file an amended complaint; and to extend discovery.

As to Nolt, we vacate the November 17 order because he never joined in the cross-motion, nor did he file his own summary judgment motion. As to Whale Beach, we vacate the November 17 order because it was procedurally deficient and should not have been heard at that time, and, in addition, it was not supported by law. We also vacate the May 25 order denying McLaughlin's motion to extend discovery because its denial was a result of the court's incorrect decision to grant summary judgment. And we reverse the May 25 order denying McLaughlin's motion to amend her complaint to add new parties and claims with prejudice to a denial without prejudice. Accordingly, we reinstate McLaughlin's complaint and remand for further proceedings.

A-1815-18T3

I.

A.

In October 2014, Nolt purchased an Ocean City duplex for investment purposes with the plan to demolish the building and rebuild a new structure. The duplex shared a structural wall and a roof with the adjoining property, owned by McLaughlin.

Two months after Nolt's purchase, he was granted a demolition permit. To effectuate his plan, Nolt entered into a written agreement with McLaughlin providing construction plans for renovating the party wall following demolition and removal of an existing brick wing wall between his and McLaughlin's properties. The agreement reflected Whale Beach would perform the demolition work, which Nolt would guarantee. In addition, the agreement stated Nolt would provide McLaughlin a "60-inch wide easement, running the length of . . . [her] . . . home to permit the existing encroachment of . . . [her] home . . . onto Nolt's property and encroachment of the proposed roof eave and will record same in the Office of the Clerk of Cape May County at his expense for new."

After completion of the demolition work in May 2015 – allegedly not by Whale Beach, but by EarthTech Contracting, Inc. – Nolt did not build a house as he told McLaughlin, but eventually sold the empty lot to Charles and Deborah

3

Chacosky in March 2016. As part of his sales contract with the Chacoskys, Nolt transferred to them the easement he granted McLaughlin.

B.

About six months after Nolt sold the lot, McLaughlin retained Eric C. Garrabrant to sue for alleged damages caused by Nolt's transactions. In a complaint filed on September 20, 2016, McLaughlin asserted claims against Nolt and Whale Beach for negligent structural damage to her home, breach of contract for the work done by Whale Beach, and for placing a cloud on the title to her property due to an erroneous recording of the easement.[1]

Sometime in mid-July 2017,[2] prior to the September 3, 2017 discovery end date, a self-represented McLaughlin filed a motion to terminate her retainer agreement with Garrabrant and for leave to voluntarily dismiss the complaint without prejudice and permission to file a new complaint. In support, she attached Garrabrant's July 12 letter confirming he was no longer representing her and that he, as McLaughlin requested, gave her file to her brother. In addition, McLaughlin's

---

[1] Although it is not clear from our reading of the complaint if the erroneous recording claim only applies against Nolt, for the purpose of this opinion only, we will also consider the allegation against Whale Beach.

[2] Plaintiff's merits brief states the motion was filed on July 15, 2017, which is a Saturday.

A-1815-18T3

motion asserted she "became concerned that no work was being performed" on her file other than serving interrogatories, requesting production of documents and admissions, none of which were responded to and no depositions were taken. Thus, McLaughlin was without any evidence from defendants or expert testimony to support her allegations. Garrabrant did not object to her motion. It is unclear why Garrabrant did not file a substitution of attorney indicating McLaughlin was representing herself, given she had filed her own motion.

Two days after the motion was filed and just over two weeks before the scheduled August 4 oral argument on the motion, Whale Beach filed a "cross-motion" for summary judgment. Nolt did not oppose or join in the cross-motion. The cross-motion was served on Garrabrant, who was still McLaughlin's attorney of record, but he did not submit any opposition or request an adjournment due to his anticipated release from representing McLaughlin. McLaughlin contends she was unaware of the cross-motion.

Oral argument was held as scheduled but was conducted in two phases because not all parties were present when the court was ready to proceed. The first stage occurred with only Garrabrant and Nolt's counsel in attendance. When the motion judge recited the matters to be heard, Nolt's counsel corrected him by advising he neither joined in Whale Beach's cross-motion for summary judgment

5

nor filed his own summary judgment motion. Garrabrant advised he was not opposing McLaughlin's motion to terminate his representation. During the delay in getting the missing parties on the phone to address the summary judgment motion, the judge asked Garrabrant if he intended to address the summary judgment cross-motion. Garrabrant responded he was not "in a position to [argue against summary judgment] simply because [he] turned [his] file . . . over to . . . McLaughlin per her request." The court then recessed.

When the proceedings resumed, Whale Beach's counsel and McLaughlin appeared telephonically, as did attorney Deborah A. Plaia, who advised she was "assisting" McLaughlin. Plaia stated she was not yet representing McLaughlin, but since McLaughlin was "confused about the phone call she got from the [c]ourt, . . . [she] volunteered to provide assistance [on the call] if . . . [McLaughlin] needed it." After discussing the motion to terminate counsel, Plaia addressed Whale Beach's cross-motion for summary judgment. According to Plaia, "[t]here are lots of fact[ual] issues that need to be resolved, so I think it's inappropriate to grant a [m]otion for [s]ummary [j]udgment." When Nolt's counsel sought clarification regarding Plaia's role on the call, the court replied she is "assisting . . . [which] means . . . she's not officially representing . . . McLaughlin, at least as of yet and . . . I'll leave it at that." To which Nolt's counsel then requested that none of Plaia's

comments should be considered by the court. The court did not initially respond to the request, but after Garrabrant said it would be easier if Plaia was attorney of record, it remarked:

> [Plaia's comments] haven't . . . been officially raised in any of the pleadings. . . . Plaia, although I take her representation in terms of her status as an attorney in the State of New Jersey, has not filed an appearance with the [c]ourt, and – and presently, . . . McLaughlin, until an [o]rder is signed by me, is represented by . . . Garrabrant. But as to the comments where there is – at least been a [sic] proffer, that there were mistakes made, given . . . the lack of an appearance and given the lack of a pleading that supports that, . . . as well as the fact that it puts present counsel in an awkward position, I'm not going to require [Plaia] to respond to them, and -- and I'm not going to consider it, at least with regard to the motion to be relieved. We have to deal with the [m]otion for [s]ummary [j]udgment and I take . . . Plaia's point to be that she believes, based on what she's learned from . . . McLaughlin, that there are many material issues of fact in dispute. But before we get there, we need to hear from [Whale Beach counsel] for argument in support of the motion.

The parties, including remarks by Plaia, then addressed the merits of the cross-motion for summary judgment. The court reserved decision.

Following oral argument, Plaia, who was still not McLaughlin's attorney of record, sent a letter to the court that day, attaching certifications by McLaughlin and her brother. The letter described her participation in oral argument as "assisting" and stated that McLaughlin had "called [her] in a panic and [she] immediately called

the courthouse." She explained McLaughlin and her brother were unaware of Whale Beach's opposition to her motion to voluntarily dismiss her complaint without prejudice and its cross-motion for summary judgment.

A week later, Plaia sent the court another letter, reporting Whale Beach accused her of engaging in "subterfuge and ruse" in her initial letter to the court. She asserted the claim had no basis, explaining how she came to represent McLaughlin. Based on her review of McLaughlin's file, she found no work had been done on the case; only interrogatories and a request for documents had been served on Nolt, but no responses were received and no follow-up demand for responses occurred. Citing Rubin v. Rubin, 188 N.J. Super 155 (App. Div. 1982), Plaia contended McLaughlin was denied due process because she had not been provided the cross-motion for summary judgement and had no knowledge of the opposition to her motion to voluntarily dismiss her complaint without prejudice. She also raised the issue that Whale Beach did not give twenty-eight days' notice of the summary judgment motion as required by Rule 4:46-1.

On November 17, the motion court entered an order: (1) granting McLaughlin's motion to remove Garrabrant as her counsel and allowing her twenty-one days to have another attorney appear or to represent herself; (2) denying McLaughlin's motion for voluntary dismissal without prejudice, permission to file a

new complaint, and request to compel defendants to accept service of the new complaint;[3] and (3) granting both Nolt and Whale Beach's cross-motion for summary judgment, pursuant to Rule 4:46-2(c), dismissing the entirety of the complaint. The court set forth its reasoning in a fifteen-page memorandum of decision.

In favoring Whale Beach's arguments supporting summary judgment, the court noted the motion was unopposed. It determined "[c]laims of property damage under contractual and negligence theories fall within the scope of the [a]ffidavit of [m]erit [s]tatute, N.J.S.A. 2A:53A-27, as construction defect claims will require the expertise and attestation of architects and/or engineers." The court found the only reason McLaughlin did not file an affidavit of merit was because of "apparent inadvertence and lack of conscientious representation." Accordingly, under Palanque v. Lambert-Woolley, 168 N.J. 398, 404-05 (2001), the court determined inadvertence did not constitute the extraordinary circumstances permitting the filing of an affidavit of merit out-of-time. N.J.S.A. 2A:53A-29; Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003).

---

[3] McLaughlin does not appeal denial of her motion for voluntary dismissal without prejudice, permission to file a new complaint, and request to compel defendants to accept service of the new complaint. Thus, we do not address the motion court's reasoning for its denial.

As to the court's decision regarding dismissal of McLaughlin's cloud of title claim, the court determined there was no evidence Whale Beach was able to alter the title as part of its role in the construction project. For Nolt, the court acknowledged McLaughlin's claim he "recorded 'an instrument' that adversely affected [McLaughlin]'s [t]itle" even if it did not specify what the instrument he recorded was. Seemingly, acting sua sponte, the court concluded McLaughlin had a viable claim against Nolt, but since "the discovery period has now ended and [McLaughlin] has not explored the viability of the claim, the [c]ourt will grant summary judgment against . . . Nolt." Given the court's corresponding order, we believe it mistakenly stated "against" rather than "in favor of" Nolt.

## C.

Ten days after the November 17 order, Plaia entered her appearance. At the same time, she filed a motion: (1) for reconsideration of the court's order dismissing McLaughlin's claims against Nolt and Whale Beach; (2) to file an amended complaint to add additional defendants and claims;[4] and (3) to extend discovery.

---

[4] McLaughlin's request to add new defendants and claims included: (1) the Chacoskys, who purchased Nolt's lot and allegedly violated the easement; (2) Halliday-Leonard, the contractor who constructed the new home in violation of the easement; (3) EarthTech Contracting, the company who was certified by the city as the demolition contractor and may have caused the negligent damage; (4) John Zoll, a principal of Whale Beach; and (5) Michael Fusco, the attorney who

On May 25, 2018, the court entered an order denying reconsideration and the motion for an amended complaint, for reasons explained in a fifty-six-page memorandum of decision.

The trial court found McLaughlin was not entitled to reconsideration as it reiterated its determination in the November 17 order and memorandum of decision opinion that McLaughlin failed to submit an affidavit of merit "because of lack of conscientious representation and apparent inadvertence." The court found McLaughlin failed to show why reconsideration was proper and implied her claims should be better directed at Garrabrant. The court specified the cloud of title claim was deficient because McLaughlin "failed to offer any new evidence, or establish" Whale Beach's "authority to alter . . . [her] title[.]" Additionally, the court found McLaughlin did not establish mistake, inadvertence, surprise, or excusable neglect as to the breach of contract or negligence claims to invoke Rule 4:50-1(a). Concluding McLaughlin's submission on her motion for reconsideration attempted

---

reviewed the demolition agreement and advised McLaughlin, for allegedly committing legal malpractice. She also asserted several new claims against Nolt and Whale Beach, including: (1) consumer fraud in violation of N.J.S.A. 56:8-1 to -2.13, and the Home Improvement Practices Act, N.J.A.C. 13:45A-17.1; (2) breach of contract, expanding her current claim to include breaches for the covenant of good faith and fair dealing, the implied covenant of workmanship, express warranties, and implied warranties; and (3) a claim of common law fraud.

A-1815-18T3

to bring in evidence not on the record in the prior proceeding, the court noted "the facts of this case existed at the time the original motion was made, and the new certifications submitted have not brought forth any new evidence for the [c]ourt to consider."

The court determined McLaughlin was not entitled to amend the complaint or extend discovery. Explaining Rule 4:9-1, the court held requests to amend pleadings should be "freely given in the interests of justice" and should be granted liberally without consideration of the ultimate merits but that "there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Applying the entire controversy doctrine pursuant to Rule 4:30(a), which bars claims not joined to an action arising from the same transaction or occurrence, the court found McLaughlin's request to add additional defendants, as well as to reconsider the summary judgment dismissal as to Whale Beach and Nolt, "would potentially be barred" because she already had the opportunity and consented to bring the claim against them when she filed her complaint through Garrabrant's representation. The court further held Plaia "had the opportunity to move for leave

to file an [a]mended [c]omplaint adding these parties, but only did so after summary judgment was granted [when] the case was over."[5]

Moreover, the court found joinder of all of the current and proposed defendants would be extremely unfair and prejudicial under <u>Mystic Isle Dev. Corp. v. Perskie & Nehmad</u>, 142 N.J. 310, 323-24 (1995) (new parties should not be added where "joinder would result in significant unfairness [to the litigants] or jeopardy to a clear presentation of the issues and just result"). The court reasoned "due to the breakdown of [McLaughlin]'s attorney-client relationship . . . [she] failed to present the 'entire controversy' to the [c]ourt, and has lost the right to bring those claims now."

## II.

On appeal, McLaughlin maintains the motion court: (1) erred in granting summary judgment dismissal of her complaint due to Garrabrant's failure to prosecute her complaint by not seeking responses to discovery requests, not seeking to depose defendants, and the failing to provide an expert report; (2) denied her due process by hearing Whale Beach's summary judgment without proper notice under <u>Rule</u> 4:46-1, and granting summary judgment to Nolt, who did not request it; and

---

[5] Presumptively, this opportunity was after oral argument on August 4 for summary judgment, after Plaia filed her appearance, but before the trial court issued the November 17 decision.

(3) erred in denying her leave to amend her complaint where summary judgment dismissal should not have been granted.

A.

We first address the court's grant of summary judgment. Nolt acknowledged in his merits brief and at argument before us that the record demonstrates he never sought summary judgment dismissal of the complaint against him. Accordingly, there was no basis for the court to grant summary judgment in his favor.

As for granting summary judgment to Whale Beach, there were clear procedural deficiencies. Rule 4:46-1 requires, in pertinent part, twenty-eight days' notice of a summary judgment motion. Here, the court failed to follow this time frame by hearing the motion within eighteen days after it was filed. Further, Whale Beach's summary judgment request was technically not a cross-motion. Rule 1:6-3(b) provides that "[a] cross-motion may be filed and served by the responding party together with that party's opposition to the motion and noticed for the same return date only if it relates to the subject matter of the original motion." (emphasis added). Whale Beach's request for summary judgment was unrelated to McLaughlin's motion to terminate her retainer agreement with Garrabrant and for her leave to voluntarily dismiss the complaint without prejudice.

A-1815-18T3

More disconcerting was that due to the breakdown of the attorney-client relationship between McLaughlin and Garrabrant – we take no position on where fault lies – McLaughlin had little or no notice of Whale Beach's cross-motion impairing her ability to file written opposition to the motion, and was left with Plaia's emergency appearance on her behalf at argument despite the fact Plaia was not representing her because Garrabrant was still attorney of record at the time. Simply put, Plaia should not have been allowed to participate at the proceedings because no written opposition to the motion had been filed and she was not yet representing McLaughlin. We know of no court rule that permits an attorney who is "assisting" a party to participate in a proceeding before our courts.

The lack of McLaughlin's opposition to the summary judgment motion is indicative of her deteriorated relationship with her counsel and should have cautioned the court on hearing oral argument on the matter. Keeping in mind the motion was prematurely heard under Rule 4:46-1, the court should have adjourned it and allowed Plaia the opportunity to submit a substitution of attorney or a letter of representation after the court granted McLaughlin's motion to terminate Garrabrant's services. The court then should have given her reasonable time to submit opposition to the summary judgment motion, as well as file the motion to extend discovery and

15 <span>A-1815-18T3</span>

amend the complaint, which she eventually did following the court's November 17 order.

In terms of the merits of the court's order, we disagree with its reasoning. The court erred in finding McLaughlin's complaint should be dismissed because she did not submit an affidavit of merit to prove her claims against Whale Beach and Nolt. The affidavit of merit statute requires a plaintiff filing suit against a licensed professional to have the case evaluated by an appropriately licensed person who will then attest under oath, "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. "If a plaintiff fails to file the affidavit within 120 days, [the] complaint will be dismissed with prejudice unless extraordinary circumstances prevented the filing." Palanque, 168 N.J. at 404 (citing Cornblatt v. Barow, 153 N.J. 218, 247 (1998)).

As noted above, because Nolt never moved for summary judgment, the court should not have applied the affidavit requirement to McLaughlin's claims against him. Nevertheless, we agree with McLaughlin that since neither Whale Beach nor Nolt are engineers or architects, or any other licensed professional under N.J.S.A.

16

2A:53A-26, she was not required to serve an affidavit of merit to pursue her claims against them for negligent structural damage to her home or breach of contract.

Turning to McLaughlin's cloud of title claim, the court determined there was no evidence Whale Beach was able to alter the title as part of its construction project. We conclude that while ultimately McLaughlin may not be able to prove this claim, the court was premature to dismiss it based upon our ruling that discovery should be extended. And as for Nolt, he never sought dismissal of the claim.

Accordingly, we conclude the court order granting summary judgment in favor of Whale Beach and Nolt is vacated.

B.

We next address McLaughlin's appeal of the May 25 order. Because we have concluded summary judgment was improvidently granted on November 17, it is unnecessary to address the motion court's reasoning for denying reconsideration of that summary judgment order in its May 25 order. We are thus left to resolve her challenge to the order's denial of her requests to extend discovery and to amend her complaint.

In its written decision explaining the basis for the May 25 order, the court did not articulate its reasons for not extending discovery. We surmise that because it did not change its November 17 order granting summary judgment to defendants, the

court determined that addressing the request to extend discovery unnecessary, or moot, as the compliant remained dismissed.[6]   Because we vacate the grant of summary judgment, we further conclude discovery should be extended.

At the time McLaughlin filed her self-represented motion to terminate her relationship with her attorney in mid-July 2017, there remained sufficient time for her to seek an extension of discovery considering the discovery end date was September 3, 2017, there had been no prior extensions granted, the case had been filed less than a year earlier, and no trial date was scheduled.  We feel confident in saying that under these circumstances, a request for an extension of discovery should have been granted.  See R. 4:24-1(c) (stating on "good cause . . . shown," discovery extensions are granted where there is no scheduled trial or arbitration date and no showing of prejudice to the other party); see also ibid. (allowing parties a sixty-day discovery extension by consent where no other extensions have been granted).  Although argument was held on August 4, 2017, it was not until over three months later in the November 17 order that the court granted McLaughlin's motion to release Garrabrant as her attorney.  Within ten days, Plaia entered her appearance and filed

---

[6]   The May 25 written decision merely stated: "[p]laintiff's motion for [r]econsideration for the [c]ourt's November 17, 201[7] [sic] [o]rder is denied, and [p]laintiff's [m]otion for [l]eave to [f]ile an [a]mended [c]omplaint and to [r]e-open and [e]xtend discovery is denied."

A-1815-18T3

a motion to extend discovery along with her request to amend the complaint to add parties and to reconsider the summary judgment motion.

McLaughlin relies upon Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 195 (App. Div. 1985), where we reversed the trial court's order denying the plaintiffs' motion to vacate dismissal of their complaint for failure to answer interrogatories. After the defendant filed an answer and forwarded interrogatories to the plaintiffs' attorney, the attorney never responded to the defendant's requests. Id. at 192. We recognized:

> To be sure, instances of misconduct or incompetence are relatively rare in the legal profession. When they occur, however, the financial penalties heaped upon the client are often disastrous. Against this backdrop, we believe that the sins or faults of an errant attorney should not be visited upon his client absent demonstrable prejudice to the other party.
>
> [Id. at 194.]

Although the procedural situation in Jansson differs from this case, we find the principles espoused there, apply here. Discovery should have been extended so McLaughlin's claims would not be prejudiced by her attorney's failure to follow through with his unanswered discovery demands and take depositions of critical witnesses. "[J]ustice is the polestar and our procedures must ever be moulded and applied with that in mind." Id. at 195 (quoting N.J. Highway Auth. v. Renner, 18

19                                                                    A-1815-18T3

N.J. 485, 495 (1955)).  Our sense of justice requires us to provide McLaughlin with the opportunity to fully prosecute her claims.

Finally, we address the court's denial of McLaughlin's request to amend her complaint to add new parties.  The court viewed the motion under the lens that since it had granted summary judgment dismissal of McLaughlin's claims against defendants and the entire doctrine controversy applied, there was "no point to permitting the filing of an amended pleading when a subsequent [summary judgment] motion . . . was granted."  Given we have concluded summary judgment was inappropriate, the motion to amend should have been granted.

We normally review a trial court's determination on a motion to amend a pleading for a "clear abuse of discretion."  Franklin Med. Assocs. v. Newark Pub. Sch., 362 N.J. Super. 494, 506 (App. Div. 2003) (quoting Salitan v. Magnus, 28 N.J. 20, 26 (1958)).  The motion court's decision here is unique in the sense that it denied the amendment request primarily based on its finding the complaint was dismissed.  Rather than remand for the court's reconsideration of the issue, we take original jurisdiction under Rule 2:10-5, which provides "[t]he appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review."  We are mindful we exercise our original fact-finding authority sparingly

20

and only in clear cases that are free of doubt. Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003).

After a defendant files an answer to a compliant, a plaintiff "may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." R. 4:9-1. "'[M]otions for leave to amend [are to] be granted liberally,' even if the ultimate merits of the amendment are uncertain." Prime Accounting Dep't v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (quoting Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998)). Yet, "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. . . . [T]here is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Id. at 511 (alteration in original) (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006)).

Applying these principles, the better course was to deny McLaughlin's motion to amend without prejudice. Based upon the absence of discovery, it is preferable that the initial phase of discovery in the form of interrogatories and potential depositions take place followed by McLaughlin's refiling of her motion to amend, should she find it essential to fully address her alleged injury.

21

Reversed and remanded for proceedings consistent with this opinion.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1815-18T3